United States District Court
Southern District of Texas
**ENTERED**
August 10, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANGE FRANKLIN KWATE PRISO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-05376** |
| | § | |
| **MARTIN FRINK, *ET AL.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Ange Franklin Kwate Priso's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I. BACKGROUND

Petitioner is a citizen of Cameroon who arrived in the United States on a non-immigrant F-1 student visa on July 24, 2023. Petitioner remained in the United States after the visa expired on June 7, 2025 without authorization from the Department of Homeland Security. ECF No. 5-1 at 1-2. Respondents subsequently detained Petitioner on December 8, 2025 and served him with a Notice to Appear ("NTA") charging him as inadmissible under Section 237(a)(1)(B) of the Immigration and Naturalization Act (INA). *Id.* at 2. Respondents commenced removal proceedings against Petitioner on December 11, 2025, when DHS filed the NTA with the Immigration Court. *See id.* On January 27, 2026, an Immigration Judge ("IJ") denied Petitioner's request for bond. *See* ECF No. 5 at 2. On April 30, 2026, an IJ ordered removal; Petitioner appealed on June 2, 2026.

*Id.* Removal proceedings are thus ongoing. *Id.* Petitioner has been in continuous detention for 245 days, or over eight months.

## II. ANALYSIS

### II.A. Petitioner Has Not Failed to Exhaust Administrative Remedies and This Court Has Jurisdiction to Review the Petition.

As an initial matter, Respondents maintain that, because Petitioner did not appeal his bond hearing determination to the BIA, he has failed to exhaust his administrative remedies. *See* ECF No. 5 at 3. Respondents further assert that, because this Court cannot review bond decisions made by an Immigration Judge, it lacks the jurisdiction to hear this case. *Id.* For the following reasons, this Court finds that Petitioner was not required to appeal his bond hearing to the BIA before submitting his federal habeas petition.

"A person seeking habeas relief must first exhaust available administrative remedies," including in the immigration detention context. *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018). However, this exhaustion is a prudential, rather than statutory, requirement. See *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *6 (W.D. Tex. Sept. 22, 2025) (explaining that the INA only requires exhaustion of administrative remedies for appeals on final orders of removal).

Courts have found that they are not barred by prudential principles of administrative exhaustion for a variety of reasons in the immigration detention context, including that a habeas petition raises constitutional questions, which neither an Immigration Judge nor the BIA have jurisdiction to rule on and that continued unlawful detention constitutes an irreparable injury that outweighs the agency's interest in resolving the question. *Id.* at * 6 (finding that petitioner's claim was not barred by exhaustion even though he had not appealed the IJ's bond denial to the BIA);

*see also Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 n.14 (S.D. Tex. 2021) (same); *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025) (excusing petitioner from administrative exhaustion because "he has no genuine opportunity for adequate relief [through the administrative process] and has raised a substantial constitutional question"). Even where a statutory exhaustion requirement exists, courts may waive this requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (internal quotations omitted).

In the instant case, the fact that Petitioner did not appeal his bond hearing determination should not bar him from federal habeas relief. In light of Petitioner's prolonged detention of 245 days, there are substantial constitutional questions which require this Court's review. *See, e.g.*, *Lopez* at *6 (finding petitioner's claim not barred by exhaustion due to outstanding constitutional questions); *Petgrave* at 672 n.14 (same).

Furthermore, Respondents argue that the Court lacks jurisdiction to review an IJ's bond decision; however, 8 U.S.C. § 1226(e) does not preclude challenges to "the extent of the Government's detention authority under the statutory framework as a whole." *Jennings v. Rodriguez*, 538 U.S. 281, 295 (2018); *see also Valladeres Mata v. Bond*, No. 4:6-CV-01459, 2026 WL 1146779, at *2 n.2 (S. D. Tex. Apr. 27, 2026) (Ellison, J.); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 33 (1st Cir. 2021) (holding that § 1226(e) did not preclude a due process challenge to prolonged detention under § 1226(a)); *Velasco Lopez v. Decker*, 978 F.3d 842, 850-51 (2d Cir. 2020) (same). The Court's review does not extend to the merits of the IJ's decision in the bond hearing; rather,

it examines the constitutionality of Petitioner's detention. For these reasons, the Petitioner has not failed to exhaust all administrative remedies and this Court retains jurisdiction over the matter.

**II.B. Respondent's Prolonged Detention of Petitioner Violates His Due Process Rights**

The Court concludes Petitioner's ongoing prolonged detention violates his rights under the Due Process Clause. The Supreme Court held in *Demore v. Kim* that, under the factual circumstances before the Court in that case, "the Government [could] constitutionally detain deportable aliens [under § 1226(c)] during the limited period necessary for their removal proceedings." 538 U.S. 510, 526 (2003). The *Demore* Court held that detention must "bear[] a reasonable relation to the purpose for which the individual was committed" in order to comport with due process. *Id*. at 527-28. In reaching this conclusion, the Court relied on the "brief" average length of detention under § 1226(c) in 2003. *Id*. at 523. Specifically, the Court cited statistics showing that "in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal proceedings are completed in an average time of 47 days and a median of 30 days," or four months longer in those cases "in which the alien appeals the decision of the Immigration Judge to the Board of Immigration Appeals." *Id*. at 529.

The *Demore* Court reaffirmed that, under *Zadvydas v. Davis*, 533 U.S. 678 (2001), a statute that permitted indefinite detention would be constitutionally suspect. The Court distinguished from *Zadvydas*, writing that, "[w]hile the period of detention in *Zadvydas* was 'indefinite' and 'potentially permanent,'' the detention at issue in *Demore* "[wa]s of a much shorter duration." *Demore*, 538 U.S. at 528. Under *Zadvydas*, detention in the post-removal order context is only presumptively permissible under due process for six months. *Zadvydas*, 533 U.S. at 701. While *Zadvydas* is not binding in this context—before a final removal order exists—it is instructive that

the Supreme Court finds six months of detention that could continue indefinitely to be constitutionally impermissible.

Additionally, this Court is persuaded by the First and Second Circuits' reasoning in *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021) and *Velasco Lopez v. Decker*, 978 F.3d 842, 852 (2d Cir. 2020), in which the courts held that prolonged detention under § 1226(a) violates the due process clause under *Mathews v. Eldridge*, 424 U.S. 319 (1976). While the length of detention here is shorter than in *Hernandez-Lara* or *Velasco Lopez*, the reasoning still holds, as there is no indication that Petitioner's detention will end any time soon. Similarly, in *Valladeres v. Bond*, this Court found that the petitioner's ongoing detention violated her substantive due process rights, even after an IJ denied her bond, because there was no indication that her detention would cease. *See* 2026 WL 1146779, at *2-3.

For all these reasons, this Court finds that Petitioner's lengthy detention constitutes a serious deprivation of liberty in violation of Petitioner's due process rights.

## III. REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

In this case, Petitioner has been deprived of his liberty in violation of the Due Process Clause for more than eight months, or 245 days. Given the severity of this ongoing unconstitutional deprivation of liberty, the Court concludes that immediate release from custody is required. The Court joins other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*,

No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty");; *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within **<u>48 hours</u>**.
2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of his release **<u>no less than three hours</u>** prior to his release from custody.
3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.
4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent notice and a hearing before an IJ at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **<u>on or before August 13, 2026</u>**, informing the Court of the status of Petitioner's release.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on August 10, 2026.

Keith P. Ellison
United States District Judge